## OLER v. LESTER HARDING, Inc.
### Civil No. 779.

District Court, E. D. Pennsylvania.

Feb. 3, 1941.

H. E. Potter and Herman H. Krekstein, both of Philadelphia, Pa., for receivers.

Julian W. Barnard and Charles H. Brunner, Jr., both of Norristown, Pa., for exceptant.

BARD, District Judge.

This concerns an objection by a reclamation petitioner to the imposition of a three per cent charge upon reclaimed securities for the administration expenses of the receivers in distributing the property in the defendant's possession. The receivers were appointed to liquidate the defendant, a

corporation engaged in the investment brokerage business.

The three per cent charge imposed by the receivers was decided upon when it became apparent that liquidation of the assets of the defendant would not produce a fund large enough to meet expenses of administering the estate. The petitioner consented to the imposition upon two groups of securities reclaimed, but objects that imposition upon a third group was improper.

Securities reclaimed or voluntarily distributed were subjected to the charge because a large portion of the administration costs were incurred in the handling and determination of title to them.

Briefly, the facts are as follows: Susan W. Huber, in order to exchange certain certificates for $10,000 par value Baltimore and Ohio R. R. Bonds, obtained the aid of the defendant. Proper papers were prepared and forwarded to the transfer agent, with directions to return the securities to Mrs. Huber at her Norristown, Pa., address. Receivership then intervened. The securities were subsequently received by the receivers in a letter addressed to Mrs. Huber in care of Lester Harding, Inc., at the former address of Lester Harding, Inc. The receivers retained the securities, and subjected them to the same appraisal, inventory and other treatment as the other securities.

It is the contention of the petitioner that the receivers had no duties relative to these securities, that determination of title to her securities should have involved no expense and that, therefore, no portion of the expenses incurred by the receivers should have been imposed as a prerequisite to their delivery.

The receivers contend that no such circumstances exist concerning these securities as to exempt them from the charge imposed on other securities. It is argued that the receivers would not have been acting within their powers had they turned the securities over without investigation and report of the accountants, without requiring that a reclamation petition be filed and without retaining them pending an order of the court authorizing their allocation to the petitioner.

In the interest of a proper administration of the estate in receivership, it is essential that all matters be handled in an orderly and uniform manner. Otherwise there would be absent both a reasonable guaranty and evidence of due propriety. The securities here involved were properly handled in a manner like that used in regard to other securities. The fact that these securities came into the possession of the receivers under circumstances peculiar to them did not dictate or recommend singular treatment.

The exceptions must be dismissed.